Good morning, Your Honor. June Coleman on behalf of Appellants Hyde, Browning, and Commonwealth Equity Adjustments. If it pleases the Court, I would like to focus on the issues of Mr. Hyde initially, because I think those are the most pressing on this appellate issue or on this appellate case. Mr. Hyde is a non-party in the underlying case and the underlying case had the consent of the parties to be heard by a magistrate pursuant to 28 U.S.C. Section 636C. However, Mr. Hyde, in this contempt proceeding, was a party who had not consented and under the straight reading of Section 636 subsection E, he doesn't, he hasn't consented and therefore the magistrate didn't have authority. Counsel, if our case law says that even a non-party can be held in contempt of court when he or she has actual knowledge and is otherwise bound by the terms of an injunction, what difference does it make whether he is consented to the jurisdiction of the magistrate in the particular matter that gave rise to the injunction? Article III in the separation of powers requires that a party must have an Article III judge unless he's consented. Consent in terms of regular subsidiary matters would be sufficient to permit a magistrate to hear the issue. But the question is, would a magistrate have power to find, to hold somebody in summary contempt for creating a disturbance in his courtroom? Yes, I actually believe he would. Even though they didn't consent, huh? Even though he hadn't consent because the action is being committed in his courtroom in front of the magistrate. That's an interesting argument. I know that the issue of Article III in the separation of powers may override that, the waiver that must occur with consent. And in fact, I think in your dissent in pacemakers diagnostics versus intramedics, you questioned whether consent would be viable to act as a waiver of your Article III rights and the separation of powers doctrine, judge can be. But I think with it happening in the courtroom, it would be permitted. It's sort of a matter of necessity, but the consent, it still isn't there. I mean, you wind up being punished by a magistrate. I would agree with you, Your Honor. But in this case, there wasn't consent. This is quite an interesting argument. And I'm unaware of case law that decides it. Is there a case law directly on point? Because the amendment to Section 636 is so new, there's no one or there's no case law that has interpreted the new provisions of subsection E. However, I think that there are, there's case law out there that's analogous and applicable to this matter in interpreting subsection C. And I've pointed those cases out to you in my brief, but to summarize them, they would include Guest versus Chennault, which had to do with adding a new party to the case and whether the magistrate could go forward with the trial. And in actuality, the magistrate severed the party because he didn't have consent from the new party. There's also Parks versus Collins, which the issue was a motion to set aside the default in a garnishment action. There was consent in the underlying case, but the consent from the parties in the garnishment action wasn't there. Specifically, the employer hadn't consented, so the magistrate didn't have authority in that action. Caprera versus Jacobs dealt with whether a magistrate could address a new party hadn't consented. Again, the magistrate couldn't hear the motion to dismiss. They had to be heard by a regular district. And those are interesting and suggestive, but they all deal with parties or would-be parties. And here, Mr. Hyde is not a party, never has been a party, not likely to become a party, and we're talking about some possible restriction on the contempt power, which, absent our Article III problem, pretty clearly would reach Mr. Hyde. Well, I have to take issue with that because as a non-party, as an employee, his activity could hold the employer subject to contempt. But I have pointed out cases in my brief which indicate that in order for him to be held personally liable, he has to have had his day in court. Well, I'm not sure that's right. That is to say, if someone has notice of the injunction and is bound by the injunction, that is to say, comes within the terms of the injunction, I think standard Hornbook law is they can be held in contempt for violating that injunction. But I believe if you look at the cases of GNC Miriam Company versus Webster, Harris County, Texas versus CarMax, and Saga International, those all dealt with issues where even an officer of the company was purportedly to be held liable in contempt for an injunction that mandated that the company perform in a certain manner. And the courts in each one of those cases held that the employee, the company, had a right to have a fair and justifying action in order to attack the basis for the injunction. But here, isn't the allegation that he actually oversaw the preparation of the letters on behalf of the company so that he was personally involved in the drafting of the wording of the letters to comply with the injunction? To some extent, he was involved in operational activities on a day-to-day basis. But the issue Why would it be unfair to hold him personally responsible for compliance with the court's order? Because the issue of whether these letters changed, whether the computer program changed to pull the correct number into the letter, whether there were new letters issued, that was a monetary issue that was controlled not by Mr. Hyde, but by the owner of the company. Well, your argument, if I understand it, is that he can't be held in contempt unless he's had an opportunity to challenge the validity of the injunction. Yes, that is my argument, Your Honor. And he couldn't. He's not a party. Exactly, Your Honor. First, that means how could that be arranged? I mean, it is we do have sort of Horn-McLaw, the person who knows of an injunction and is bound by it, can be held in contempt. How do you arrange for them to challenge the validity of the injunction? Well, if you're going to have a non-party be subject to contempt, the person who  And if you're going to have a non-party be subject to contempt, then during the contempt proceedings, you have to permit the non-party the ability to attack the injunction or the underlying premise of the injunction. I'm not sure that's right under Federal law. That is to say the non-party can come in and say, I didn't violate it. But I don't think the non-party can come in and violate the injunction, can come in and challenge the injunction itself. That may be true under California law. I do not think that's true under Federal law. Well, I would point the Court to the three cases that I had identified earlier, GNC Miriam Company, which is a First Circuit 1980 decision at 639 F. 2nd 29, Harris County, Texas, which is a Fifth Circuit decision in 1999 at 177 F. 3rd 306, and SAGA International, which is a Central District California case in 1997. And those cases are cited in my briefs. Yeah. No, I've seen them. Why don't we, at this stage, we have, I think we have your argument well in hand. You've saved about a minute. And would you like to have that in rebuttal? Certainly, Your Honor. Okay. Thank you. Good morning, Your Honors. I am Randolph Bragg for the appellees. With response to the argument about Mr. Hyde, he has participated in the operations of the defendant's program throughout. As Your Honors have noted, he was responsible for recrafting the collection letters to comply with the court's injunction. He's the vice president of operations and was involved in the day-to-day operations when CEA was operating. It is our position that the magistrate, pursuant to 28 U.S.C. 636, has authority to enforce his contempt citations over non-parties. Otherwise, he is helpless except for actual parties with regard to the injunction. Mr. Hyde's close relationship with the defendants seems to make it clear that the court does have the authority to enforce the injunction. Was the injunction itself ever directly contested by the parties? There was an initial appeal that was withdrawn from the August 31, 2000, injunction. Because of a settlement? From my point of view, they had at least three opportunities to appeal the injunction and its content. The August 31, 2000 order, pursuant to 28 U.S.C. 1292. Then there was a May 16, 2002 order denying their motion to modify the injunction with regard to interest. They could have sought an appeal from that order. And then finally, the final judgment of December 2002. They were not raised. Those appeals were not pursued. And so it seems they've lost those opportunities. Now, this appeal is directed to the court's order of June 2002, finding the defendants and Mr. Hyde in contempt. Is it your argument that Mr. Hyde's interests are so closely aligned with the corporation that he's bound by their actions, basically? In this case, yes. But I would still contend that the magistrate judge has the authority to enforce his orders against any non-party. Now, moving to the injunction itself, we believe that there is more than adequate ground for finding the defendants and Mr. Hyde in contempt. The pre or the warning letter pursuant to 1719, all of those letters were in violation of 1719. Specifically, those letters sought interest. Both the court ñ well, the court found that 1719 did not call for interest. It said that in its initial injunction of August 31, 2000. It said it again in its denial of their motion to modify in May of 2002. And so tható Mr. Gray, just speaking for myself, I'd actually like to ask you some questions with regard to the first issue. I don't need further argument on the second one. But your opponent raises an interesting question. Is it your position that a non-party, assuming we can get over the Article III objection, that a non-party who engages in consummationist behavior cannot challenge the validity of the injunction when they are hailed into court on an order to show cause for violation of that injunction? No, I think that they probably can challenge it. Procedurally, I'm not clear exactly how it would happen. But, yes, I think that that person has that opportunity at the contempt hearing. Okay. And the only reason that you would say that ought not concern us here is because of the fact that Hyde's interests were so closely aligned that the company and the named parties had three different opportunities to challenge it and did not do so. That is correct. Okay. So it's not unfair or a due process violation in this instance to hold a non-party to the terms of the injunction, since if he was really serious about challenging the substance of it, he could have caused that to happen through his employer? Yes. And I'm viewing that within the context of the finding of contempt. He could have challenged the contempt which was based on the injunction at the contempt hearing. Of course, I guess it's different from what a party can do. I mean, if I have an injunction against me and violate it, my only defense is that I didn't violate the injunction. I can't come in and say, well, the injunction is invalid. I can't collaterally, if I'm the party that's found right, I can't do that, can I? That's true, Your Honor. If the injunction has to be challenged separately, even if the injunction is incorrect, hypothetically, one cannot use that as a basis of defense. I'm saying it's different now for a non-party. Is that right? No. I think I misspoke to Judge Tallman in response to that, now that I'm thinking about it more. Yeah. Although I'm slow to come to the party. I'm now seeing, so to speak, seeing the issue. That is to say, but if someone is a non-party, that person really is in quite a different position from a party. A party, unhappy with the injunction, can appeal it. Yes. And therefore, if the party is being held in contempt for a violation, you say, well, listen, the only thing in front of us on the contempt is the violation. If you wanted to challenge the injunction itself, take it up on appeal. And while it's on appeal, well, okay, then you've got to abide by it. But as to a non-party, their only chance to contest the validity of the injunction is at the contempt proceeding. So I might have stated too soon, it's kind of sweeping parties and non-parties together. I think that there are other opportunities if the person held in contempt chooses to do so, such as to file a motion, to intervene, and then as a party to challenge the injunction. All those things do make sense to me. And if we didn't have the Article III magistrate consent problem, I would not be troubled in the least. But now we're saying to Mr. Hyde, well, you have a perfect opportunity to challenge the injunction itself during the contempt proceeding brought in front of a magistrate judge to whose jurisdiction you have never consented. That last question, when tied into the possibility that he has the right to challenge it, may be a little difficult. Yes, Your Honor. Also to throw into this argument is the Supreme Court's recent decision of Roll v. Winthorpe, where the Court held that consent can be implied. Mr. Hyde seems to have participated, at least in some degree, throughout these proceedings because he was the person in charge of the changes to comply with the injunction. Well, there is a notice or there is an aspect of privity, to use that word loosely, in injunctions which are, by their very terms, binding on, in this case, the company, its subsidiaries, principals, officers, agents, employees, successors, and assigned. And occasionally we get them that include the attorneys as well. So I would say that it seems to me that that being the case, if there's some kind of a relationship there, perhaps the Due Process Clause is not offended by not giving Mr. Hyde the opportunity in the contempt hearing to challenge the terms of the injunction. But can you give us any cases that would help us go that way, if that's the correct view of the law? Not directly on point. No, they're all tangential. Okay. We do bind people in terms of res judicata on theories of their various names on theories of virtual representation. And I guess I'm just following up on Judge Tallman's idea. And we bind them even though they are not themselves parties. And maybe the argument is, in this case, Mr. Hyde was sufficiently involved in the litigation and his interest sufficiently represented by those who were parties, that it's not a violation in this instance because he's, quote, virtually represented.  That's a curious question. In some phases of the proceedings below, counsel has stated that she did not represent Mr. Hyde. Before this court, most of the documents filed indicate that she does represent Mr. Hyde, and there are a few that leave him off saying she just represents the defendants. Perhaps she can clarify that. But it seems there is some sort of communication between Mr. Hyde and counsel, because otherwise it's curious why defendants raise this argument if they don't, you know, are not in some relationship with Mr. Hyde. Okay. I see my time is up. Thank you very much. Thank you. Your Honors, I would like to address two separate issues or three separate issues. First is the recent Supreme Court case in Winthrow or Roel v. Winthrow. I think I need to hit that very briefly because I think it's incredibly distinguishable from the facts here. In Roel, the critical point for the Court was that the parties were informed of their right to have an Article III judge and then proceeded before a magistrate. Here, no one took the time to inform Mr. Hyde of his right to an Article III judge, and when he realized he had the right, he made it clear to the Court before the contempt ruling that he did not consent. There are other factual distinctions in the Roel case, but I think that's the key one. The second point I'd like to make is that although Mr. Hyde was operationally involved in CEA, that did not give him the ability to be involved in controlling the litigation, which was settled primarily because of the, you know, the settlement and the insurance and the issues raised by opposing counsel as to his ability to contest the injunction actually don't play true because the settlement agreement prohibited defendants from attacking the injunction all the way down the line once the settlement agreement had been issued. I see I'm out of time. If you had three points, but you've gotten to two, let's hear the third. Well, that was the third one was kind of included in there that he had no ability that no one had ability to attack the injunction because of the settlement. It was on appeal. Okay. So that, but I would be more than happy to answer any questions if counsel had or Your Honors have any. No. Thank you. Thank you very much. A very interesting case. Thank you. Thank both of you for your arguments. The case of Irwin v. Mascot is now submitted.
judges: Canby, W. Fletcher, Tallman